# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Jane Doe, next friend of John Doe, )<br>)<br>                    Plaintiffs, )<br>)<br>  v.                                  )<br>)<br>Ladue Horton Watkins High School, )<br>)<br>Ladue School District, )<br>)<br>      and )<br>)<br>The Members of the Ladue Board of )<br>Education, acting in their Capacity as )<br>School Board Members )<br>    Mr. Andy Bresler )<br>    Mr. Carolyn Jaeger )<br>    Mr. Sheldon Johnson )<br>    Mr. Jeff Kopolow )<br>    Ms. Sheri Glantz )<br>    Ms. Nancy Goldstein )<br>    Ms. Kisha Lee )<br>(all in the capacities as Ladue School Board )<br>Members) )<br>)<br>                  Defendants. ) | Case No. 4:18-cv-1637 |

## NOTICE OF DISMISSAL WITHOUT PREJUDICE
## UNDER RULE 41(a)(1)(A)(i)

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiffs voluntarily dismiss without prejudice all claims against all parties in this case, given that the Defendants have neither filed an answer nor a motion for summary judgment.  Rule 41(a)(1)(A)(i) provides that a plaintiff may voluntarily obtain a dismissal by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment".

Dismissal requires no judicial action or approval and is effective automatically upon filing. *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017) (citing *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009), which held that plaintiffs had the unfettered right to voluntarily and unilaterally to dismiss the action under Rule 41(a)(1) because the defendant had not yet answered or moved for summary judgment). Indeed, Rule 41(a)(1) "means what it says." *Id.* at 1078.

In *Safeguard Business Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990), the Court of Appeals held Rule 41(a)(1) permits dismissal as of right and requires only notice to the court, not a motion, and permission or an order of court is not required. Rule 41(a)(1) creates a "bright line" that leaves no discretion. *Id*. In *Safeguard*, plaintiff filed suit in the Western District of Missouri and sought a TRO. The court denied the request for a TRO, and the plaintiff dismissed under Rule 41(a)(1)(A)(i) and later refiled the case in the District of Kansas. *Id*., p. 863. The defendant appealed, arguing the district court had converted the temporary restraining order hearing into a hearing on all injunctive relief pursuant to Fed. R. Civ. P. 65(a)(2) in his ruling from the bench, which occurred prior to the dismissal. *Id*. at 864. The Eighth Circuit denied relief to the defendant, noting that once the notice of dismissal is filed, the district court is divested of jurisdiction and "[c]onsistent with our cases, we can inquire no further." *Id*.

Today, Plaintiffs received a notice from the federal Office of Civil Rights ("OCR") referring their September 17, 2018 civil rights complaint against Ladue Horton Watkins and the Ladue School District for violation of John Doe's civil rights under the Age Discrimination Act of 1975 to mediation with the Federal Mediation and Conciliation Service. While Plaintiffs hope that a resolution can be reached, they now intend to exhaust their administrative remedies with OCR and to reconsider their options at a later date.

Respectfully submitted,

SOWERS ERNST LLC


By: /s/ Edwin C. Ernst, IV
Edwin C. Ernst, IV #MO57521
13321 N. Outer Forty Rd., Suite 600
St. Louis, Missouri 63017
(314) 690-1744 Telephone
(314) 448-4300 Facsimile
ece@sowersernst.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2018, the forgoing was served on opposing counsel by operation of the Court's CM/ECF system.